UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY ENWERE, | No. C-11-3834 EMC |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S FILING OF SEPTEMBER 13, 2011** |
| SAUER & WAGNER LAW FIRM, | |
| Defendant. | **(Docket No. 11)** |
| _____/ | |

Previously, the Court granted Plaintiff Cathy Enwere's application to proceed in forma pauperis but dismissed her complaint because, based on the factual allegations therein, Defendants were immune from suit based on the litigation privilege as codified in California Civil Code § 47(b)(2). The dismissal was without prejudice, *i.e.*, Ms. Enwere was given the opportunity to file an amended complaint containing new factual allegations to support her claims for defamation and slander. *See* Docket No. 10 (Order at 2-3). On September 13, 2011, Ms. Enwere filed a response to the Court's order. The response does not appear to be an amended complaint; rather, it is largely an argument as to why the Court's prior order was incorrect. The Court thus construes Ms. Enwere's filing as a motion to reconsider.[1]

---

[1] Ordinarily, a party must first seek leave to file a motion for reconsideration. *See* Civ. L.R 7-9. However, application of Civil Local Rule 7-9 does not make sense in the circumstances here, *i.e.*, where the only substantive filing that Ms. Enwere has made is the filing of her complaint.

Having reviewed the contents of Ms. Enwere's filing, the Court **DENIES** the motion. Ms. Enwere basically takes issue with the Court's order because she contends that a statement is privileged only if it is true. *See* Pl.'s Resp. at 5. While the Court is not unsympathetic to Ms. Enwere's position, that is not the law. The California courts have repeatedly held that a statement that falls within the litigation privilege is privileged even if the statement is purportedly false. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006) (stating that "[t]he Court of Appeal here correctly concluded that the communicative act of filing an allegedly false declaration of service of process fell within the litigation privilege").

The Court's previous order, which gave Ms. Enwere leave to file an amended complaint, still stands. *See* Docket No. 10 (order, filed on August 30, 2011). As the Court stated in that order, if no amended complaint is filed within the time frame specified, then the Clerk of the Court shall enter judgment and close the file in this case.

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: September 16, 2011

_____
EDWARD M. CHEN
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CATHY ENWERE,

        Plaintiff,

v.

SAUER AND WAGNER LAW FIRM et al,

        Defendant.

Case Number: CV11-03834 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cathy Enwere
1263 Madera Avenue
Menlo Park, CA 94025

Dated: September 16, 2011

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

3