UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY ENWERE,<br><br>        Plaintiff,<br><br>    v.<br><br>SAUER & WAGNER LAW FIRM, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-3834 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF AND PETITION FOR AMENDED ORDER**<br><br>**(Docket Nos. 15, 16)** |

        Previously, this Court granted Plaintiff leave to proceed *in forma pauperis* but dismissed her complaint because, based on the allegations therein, Defendants' conduct was protected by the litigation privilege. The Court, however, gave Plaintiff an opportunity to file an amended complaint. *See* Docket No. 10 (order). Thereafter, Plaintiff filed a paper which the Court construed as a motion to reconsider. The Court denied the motion but reminded Plaintiff that she had an opportunity to file an amended complaint. *See* Docket No. 12 (order). Plaintiff thereafter filed an amended complaint. *See* Docket No. 13 (amended complaint). Because the amended complaint failed to address the deficiencies identified by the Court, it dismissed the suit with prejudice. *See* Docket No. 14 (order). Plaintiff has now filed two motions with this Court. *See* Docket Nos. 15, 16 (motions).

        However the Court construes these motions – *e.g.*, as motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 or as motions for relief from the judgment under Rule 60 – the Court concludes that they fail to present any meritorious argument justifying relief. However Plaintiff frames her claims, *e.g.*, defamation, fraud, perjury, misrepresentation, the fact

remains that Defendants allegedly made statements to Judge White as a part of a lawsuit, and therefore the litigation privilege is applicable. To the extent Plaintiff argues that Defendants' statements are hearsay, that is beside the point. The Court is not entertaining any evidence at this juncture; it is simply considering what Plaintiff has alleged. Moreover, to the extent Plaintiff would need to rely on the statements to prove her case, the statements would not be hearsay because they would constitute admissions of a party-opponent. *See* Fed. R. Evid. 801(d)(2). Finally, while the Court understands Plaintiff's frustration that it is evaluating her complaint without Defendants even making any argument, it is required to do such because Plaintiff asked for leave to proceed *in forma pauperis*. As the Court noted in its order of August 30, 2011, "a court must dismiss any case in which a litigant seeks leave to proceed in forma pauperis if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." Docket No. 10 (Order at 2) (citing 28 U.S.C. § 1915(e)(2)). This duty is imposed upon the Court under § 1915(e)(2) even in the absence of a motion by defendant; it is triggered when the plaintiff seeks to proceed *in forma pauperis*. As the Court held, Defendants are immune from relief pursuant to the litigation privilege.

Accordingly, Plaintiff's motions are hereby **DENIED**.

This order disposes of Docket Nos. 15 and 16.

IT IS SO ORDERED.

Dated: October 17, 2011

_____
EDWARD M. CHEN
United States District Judge

2

**United States District Court**
For the Northern District of California

1
2
3
4
5   UNITED STATES DISTRICT COURT
6   NORTHERN DISTRICT OF CALIFORNIA
7
8   CATHY ENWERE,                                           No. C-11-3834 EMC
9           Plaintiff,
10          v.
                                                            **CERTIFICATE OF SERVICE**
11  SAUER & WAGNER LAW FIRM, *et al.*,
12          Defendants.
13  _____/
14
15
16      I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
17  District of California. On the below date, I served a true and correct copy of the attached, by placing
18  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
19  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
20  receptacle located in the Office of the Clerk.
21  Cathy Enwere
    1263 Madera Avenue
22  Menlo Park, CA 94025
23
24  Dated: October 17, 2011                                 RICHARD W. WIEKING, CLERK
25
26                                                          By:    /s/ Leni Doyle
                                                                   Leni Doyle
27                                                                 Deputy Clerk
28